Form a0nfunds
(Rev. 1/20)

**United States Bankruptcy Court**
**Southern District of Ohio**
**Eastern Division at Columbus**

---

In Re: Jeffrey Lee Ashman
      Jennifer Helen Ashman
          Debtor(s)

Case No.: 3:19−bk−31782

Chapter: 13

Judge: Guy R Humphrey

---

**DEFICIENCY NOTICE REGARDING**
**APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS (DOC. NO. 49)**

The above−referenced Application for Payment of Unclaimed Funds (hereinafter, the "Application") does not comply with the United States Bankruptcy Code and/or the Federal/Local Rules of Bankruptcy Procedure as noted below:

**Pleading and Service Deficiencies**

☑ The Application is not accompanied by a certificate of service. (LBR 9013−3(e) and 9013−1(a) require that a motion or application, except for an ex parte motion or application, or a motion or application which will be noticed by the clerk, shall be accompanied by a certificate of service.)

☐ The certificate of service does not show service upon the required parties, or reflects service upon an incorrect party, as indicated below. (LBR 9013−3(b) provides that unless the court orders otherwise or unless specifically limited or expanded by a Rule or Local Rule, every filing, application, motion, or other paper or document filed, other than a proof of claim, shall be served on the debtor, the debtor's case attorney, the trustee, the United States Trustee, each committee appointed pursuant to the Code or in a Chapter 11 case without a committee, the 20 largest unsecured creditors, upon any party directly affected by the relief sought, and upon any party who requests notice.)

☐ Debtor

☐ Joint Debtor

☐ Debtor's case attorney

☐ Trustee

☐ Incorrect Trustee

☐ United States Trustee

☐ The certificate of service is unsigned. (LBR 9013−3(e)(1) requires a certificate of service to be signed.)

☐ The certificate of service does not identify the filing or other paper served, or identifies the wrong paper. (LBR 9013−3(e)(2) requires a certificate of service to identify, with specificity, the filing or other paper served.)

☐ The cerificate of is undated or states an incorrect date with respect to service by mail or means other than ECF. (LBR 9013−3(e)(3) requires a certificate of service to state the date of service.)

☐ The certificate of service does not state the method of service, or does not state the method of service with sufficient specificity, or does not state that the Application was served. (LBR 9013–3(e)(3)and(e)(4) require a certificate of service to state the method of service; provided, if service is made through the Court's ECF system, the address shall be denoted as "served electronically on the date of filing through the Court's ECF system at the email address registered with the Court.")

☐ The certificate of service does not identify, both by name <u>and</u> address, each entity served, or the creditor matrix referenced in the certificate of service is not attached. (LBR 9013–3(e)(4) requires a certificate of service to identify, by name and address, each entity served; provided if service is made through the Court's ECF system, the address shall be denoted as "served electronically on the date of filing through the Court's ECF system at the email address registered with the Court.")

☐ The certificate of service reflects that was served at an address other than the address found on the debtor(s)' petition or schedules, the notice address on the addressee's proof of claim, or an address on the addressee's prior filing. (LBR 9013–3(g) requires that if the address used for service of any filing, application, motion or other paper or document differs either from the address shown in the debtor's petition or schedules, the notice address on the addressee's proof of claim, or an address on the addressee's prior filing, if any, said difference must be explained.) Because of the discrepancies in addresses, the court is unable to determine if service of the motion is proper.

☐ The designation of service on the "Default List," "Default List Plus," "All Filing Parties," or "All Creditors and Parties in Interest" is to be used only in connection with the service of orders. It is not applicable to the service of motions, applications or other documents filed. (See LBR 9072–1(d).)

☑ The Application is not accompanied by the mandatory notice of the right to object or respond, and the time within which to do so. (LBR 9013–1(a) provides that a motion or application shall be accompanied by a mandatory notice that complies with Official Form 420A or the Sample 21 Day Notice found in LBR 9013–1(a).)

☐ The mandatory notice does not identify the correct filing served. (See Official Form 420A; LBR 9013–1(a) and Sample 21 Day Notice.)

☐ The mandatory notice fails to reference the "21 day" response time for the Application or an accurate response time. (See Official Form 420A; LBR 9013–1(a) and Sample 21 Day Notice.)

☑ The Application is not accompanied by a memorandum in support. (LBR 9013–1(a) requires the movant to include a supporting memorandum.)

**Application for Payment of Unclaimed Funds**

☐ The Application was not served on the United States Attorney. (28 U.S.C. §2042 requires an application for unclaimed funds to be served on the United States Attorney.)

☐ The Application does not include the additional required documentation necessary to identify the entity. (LBR 3011–1(d) states that when an entity other than the original claimant or assignee files an application for unclaimed funds, the application must include the following additional requirements, where applicable, to establish the right to payment of the unclaimed funds: property authority by the claimant requesting release of the funds, letter of administration or probated will, and/or corporate documents showing proof of ownership of the funds through amendment, merger or dissolution.)

☐ The Application was not accompanied by an IRS Form W–9, Request for Taxpayer Identification Number and Certification or an AO Form 213, Request for Vendor Information and TIN Certification. (LBR 3011–1(d) and General Order 33–1 require the submission of a W–9 or AO Form 213.) For additional information refer to the Unclaimed Funds instruction page at: https://www.ohsb.uscourts.gov/unclaimed–funds.

☐ The Applicant Declaration (section 5 of the Application) is incomplete. (General Order 33–1 requires all applications to include a signed declaration, under the penalty of perjury, by the applicant.)

☐ The Notarization (section 6 of the Application) is incomplete. (General Order 33−1 requires all applications to be notarized under applicable state law.)

☑

## Other Issues

### A. Owner of Record

The Owner of Record is the original payee entitled to the funds appearing on the records of the court. If the Claimant is the Owner of Record, the following additional documentation is required:

i. Owner of Record – Individual
a. Proof of identity of the Owner of Record (e.g., unredacted copy of drivers license, other state−issued identification card, or U.S. passport that includes current address); and
b. A notarized signature of the Owner of Record (incorporated in application).

If the foregoing deficiencies are not corrected within 30 days of the entry of this deficiency notice, an order denying the application may be entered without further notice of hearing.

**NOTE:** A form Application for Payment of Unclaimed Funds that complies with our Local Bankruptcy Rules is available on the Court's website at https://www.ohsb.uscourts.gov/unclaimed−funds. While the use of this form application is not required, parties requesting the release of unclaimed funds are strongly encourged to use the form to ensure Local Rule compliance.